RECEIVED ____ COPY
DEC 0 5 2008
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Fortino Alvarez
Gila River Indian Community Department
 of Rehabilitation and Supervision – Adult Division
P.O. Box 399
Sacaton, AZ 85247

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Fortino Alvarez,<br><br>Petitioner,<br><br>v.<br><br>Rebecca Kisto, Acting Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision,<br><br>Respondent. | CV 08-2226-PHX-DGC-DKD<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(25 U.S.C. § 1303<br>and<br>28 U.S.C. § 2241(c)(3)) |

## I. Introduction

1. Petitioner Fortino Alvarez is an enrolled member of the Gila River Indian Community ("the Community").

2. Mr. Alvarez is currently serving a sentence of five years in custody, terminating on July 2, 2011, to be followed by a consecutive one-year sentence, terminating on July 2, 2012, both sentences imposed by the Gila River Indian Community Judicial Branch (hereinafter, "the Community Court").

3. Mr. Alvarez is filing herewith a Request for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A, in which he asks the Court to appoint the Office of the Federal Public Defender for the District of Arizona to represent him in connection with this Petition.

## II. Jurisdiction and Venue

4. Jurisdiction in this Court is proper pursuant to 25 U.S.C. § 1303 and 28 U.S.C. §§ 1331 and 2241.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

6. Mr. Alvarez is an inmate of the Gila River Indian Community Department of Rehabilitation and Supervision. His address is Gila River Indian Community Department of Rehabilitation and Supervision – Adult Division, P.O. Box 399, Sacaton, AZ 85247. His projected release date is July 2, 2012.

7. Respondent Rebecca Kisto is the Acting Chief Administrator of the Community's Department of Rehabilitation and Supervision. Ms. Kisto's address is Gila River Indian Community Department of Rehabilitation and Supervision, P.O. Box 399, Sacaton, AZ 85247.

## IV. Procedural History

8. This Petition challenges the convictions and sentences imposed by the Community Court in the cases numbered **CR-2003-543**, **CR-2003-549**, **CR-2003-552**, and **CR-2003-909**.

9. Mr. Alvarez was not represented by counsel in any of the cases identified in the preceding paragraph.

10. On October 28, 2003, Mr. Alvarez was tried before a Community Court judge and found guilty in case No. **CR-2003-543**.

11. On the same date, and before the same judge, Mr. Alvarez pleaded guilty to certain counts in the cases numbered **CR-2003-549** and **CR-2003-552** in exchange for the dismissal of the remaining counts in those cases. The court accepted the pleas and sentenced Mr. Alvarez in those cases in the

same hearing. Mr. Alvarez was not aware of his right to appeal or of the time limits for filing an appeal, did not understand what an appeal was, and was not informed of these matters by the court.

12. On November 19, 2003, Mr. Alvarez was sentenced by the Community Court to five years' incarceration in connection with case No. **CR-2003-543**. On information and belief, the court did not inform Mr. Alvarez of his right to appeal. Mr. Alvarez was not aware of his right to appeal or of the time limits for filing an appeal, did not understand what an appeal was, and was not informed of these matters by the court.

13. On January 6, 2004, Mr. Alvarez was sentenced (on guilty pleas) to one year's incarceration in connection with case No. **CR-2003-909**. Mr. Alvarez was not aware of his right to appeal or of the time limits for filing an appeal, did not understand what an appeal was, and was not informed of these matters by the court.

14. There are no judicial remedies in the Community Court currently available to Mr. Alvarez by which he could pursue any of the claims presented in this Petition.

### V. Factual Background

15. Mr. Alvarez was arrested by the Gila River Police Department ("Community Police") and taken into custody on July 2, 2003. Mr. Alvarez has been continuously in the custody of the Community from that date through the present. His projected release date is July 2, 2012.

16. On July 3, 2003, the Community filed in Community Court a Criminal Complaint in the case numbered **CR-2003-543**. The Complaint alleged six counts of violations of the Community's Criminal Code ("Crim. Code").

17. All of the counts alleged in the Complaint in case No. **CR-2003-543** related

3

to events that occurred during a single course of events that took place between Mr. Alvarez and Erika and Joseph Curiel at the Curiels' home on April 12, 2003.

18. On July 7, 2003, the Community filed in Community Court a Criminal Complaint in the case numbered **CR-2003-552**. This Complaint alleged four violations of the Community's Criminal Code.

19. All of the counts alleged in the Complaint in case No. **CR-2003-552** related to events that occurred during a single course of events that took place between Mr. Alvarez, Joseph Curiel, Mark Curiel, and the Curiel family at the Curiels' home on April 28, 2003.

20. On an unknown date in 2003, the Community filed in Community Court a Criminal Complaint in the case numbered **CR-2003-549**. The Complaint alleged three violations of the Community's Criminal Code.

21. On October 28, 2003, a bench trial was conducted in Community Court in the case numbered **CR-2003-543**.

22. At the October 28, 2003 bench trial in case No. **CR-2003-543**, Community Police Officer Stanford W. Benally described the substance of out-of-court statements tending to incriminate Mr. Alvarez that he testified were made to him by Erika and Joseph Curiel on April 12, 2003.

23. Joseph Curiel also testified at the October 28, 2003 trial in case No. **CR-2003-543**.

24. Mr. Alvarez did not cross-examine Joseph Curiel at the October 28, 2003 trial in case No. **CR-2003-543**.

25. Erika Curiel did not testify at the October 28, 2003 trial in case No. **CR-2003-543**.

26. On the morning of October 28, 2003, at the conclusion of the bench trial in

case No. **CR-2003-543**, the judge found Mr. Alvarez guilty on Counts A, B, C, E, and F.

27. On October 28, 2003, hours after the conclusion of the trial in case No. **CR-2003-543**, Mr. Alvarez stated that he was pleading guilty to Counts A and C in case No. **CR-2003-549**, and to Counts A and B in case No. **CR-2003-552**. However, Mr. Alvarez was confused and believed he was agreeing to be sentenced for the charges for which he was found guilty earlier that day in case No. **CR-2003-543**.

28. On October 28, 2003, following Mr. Alvarez's statement that he was pleading guilty as described in the preceding paragraph, the judge sentenced him to one year's detention each on Count A and Count C in No. **CR-2003-549**, running from July 2, 2003, these sentences to run concurrently, and to one year's detention each on Count A and Count B in No. **CR-2003-552**, these sentences to run consecutively to each other and to the sentences in No. **CR-2003-549**.

29. At the November 19, 2003 sentencing in case No. **CR-2003-543**, the Community Court sentenced Mr. Alvarez to five years' detention in connection with the counts on which Mr. Alvarez was convicted in that case, the sentence to run consecutively to the sentences imposed in Nos. **CR-2003-549** and **CR-2003-552**.

30. On November 13, 2003, the Community filed in Community Court a Criminal Complaint in the case numbered **CR-2003-909**. The Complaint alleged two violations of the Community's Criminal Code.

31. At the January 6, 2004 sentencing in No. **CR-2003-909**, the Community Court sentenced Mr. Alvarez to one year's detention in connection with the charges contained in No. **CR-2003-909**, the sentence to run consecutively to

the sentences imposed in Nos. **CR-2003-543**, **CR-2003-549**, and **CR-2003-552**, yielding a total term of imprisonment in all four cases of nine years, running from July 2, 2003.

### VI.  Claims for Relief

**Claim 1**: **Mr. Alvarez's Sentences Violate 25 U.S.C. § 1302(7) Because They Impose Terms of Imprisonment Exceeding One Year in Connection with Individual Criminal Transactions.**

32.  Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

33.  25 U.S.C. § 1302(7) prohibits any Indian tribe exercising powers of self-government from "impos[ing] for conviction of any one offense any penalty or punishment greater than imprisonment for a term of one year." 25 U.S.C. § 1302(7).

34.  Each of the complaints in cases **CR-2003-543**, **CR-2003-549**, **CR-2003-552**, and **CR-2003-909** relates to a single criminal transaction.

35.  If the Community Court had sentenced Mr. Alvarez to no more than one year's imprisonment in connection with each of the cases enumerated in the preceding paragraph, his total term of imprisonment in these four cases would have been four years, running from July 2, 2003 through July 2, 2007.

36.  Mr. Alvarez's detention has been in violation of 25 U.S.C. § 1302(7) from July 2, 2007 through the present.

**Claim 2**: **Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 Violate 25 U.S.C. § 1302(6) and (8) Because Mr. Alvarez Was Improperly Denied his Right to Counsel.**

37.  Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

38. On July 7, 2003, Mr. Alvarez was arraigned in Community Court in the cases numbered **CR-2003-549** and **CR-2003-552**. During the arraignment, the judge asked Mr. Alvarez whether he would be seeking counsel, and Mr. Alvarez responded that he would. The judge nevertheless accepted Mr. Alvarez's pleas, continued with the arraignment, and scheduled Pretrial Conferences in four cases for a few weeks later, taking no steps to ensure that Mr. Alvarez would have the opportunity to obtain counsel. Mr. Alvarez subsequently was convicted of, pleaded guilty to, and was sentenced to a total of nine years' incarceration in connection with a number of counts in the cases numbered **CR-2003-543**, **CR-2003-549**, **CR-2003-552**, and **CR-2003-909**, all without the assistance of counsel.

39. As a result of this improper deprivation of his right to counsel, Mr. Alvarez's convictions and sentences in these cases violated his right to counsel and to due process of law enumerated in 25 U.S.C. § 1302(6) and (8).

**Claim 3: Mr. Alvarez's Conviction in Case No. CR-2003-543 Was Entered in Violation of His Confrontation Rights Under 25 U.S.C. § 1302(6), Because the Community's Lead Witness Testified to Incriminating Out-of-Court Statements by Non-Witness Erika Curiel.**

40. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

41. At Mr. Alvarez's bench trial in case No. **CR-2003-543**, Community Police Officer Stanford W. Benally testified to the substance of incriminating out-of-court statements that he asserted had been made to him by Erika Curiel.

42. Erika Curiel did not testify at the trial in No. **CR-2003-543**.

43. The introduction of Erika Curiel's out-of-court statements via the testimony of Officer Benally violated Mr. Alvarez's right "to be confronted with the

7

witnesses against him" under 25 U.S.C. § 1302(6).

**Claim 4: The Community Arbitrarily Failed to Comply with the Criminal Code Provision Requiring it to Provide Mr. Alvarez with Written Witness Statements Prior to Trial, in Violation of Mr. Alvarez's Right to Due Process Under 25 U.S.C. § 1302(8).**

44. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

45. Crim. Code §§ 2.1311(B) and 2.1312(C)(1) required the Community to provide to Mr. Alvarez, prior to trial, all "relevant written or recorded statements," defined to include any written "summary of a person's oral statements," of all persons whom they were going to call as witnesses at trial.

46. The Community possessed "relevant written or recorded statements" of witness Joseph Curiel prior to October 28, 2008, including: **(a)** statements contained in Officer Benally's Incident Report dated April 12, 2003; **(b)** statements contained in Officer Fisher's Incident Report relating to an incident occurring on April 28, 2003; **(c)** statements in the Probable Cause for Arrest Statement of Officer Benally dated April 12, 2003; and **(d)** statements in the Probable Cause for Arrest Statement of Officer Fisher dated April 28, 2003.

47. The Community arbitrarily failed to comply with Crim. Code §§ 2.1311(B) and 2.1312(C)(1) by failing to provide Mr. Alvarez with all of the written or recorded statements identified in the preceding paragraph prior to trial, thereby violating Mr. Alvarez's right to due process under 25 U.S.C. § 1302(8).

**Claim 5: The Community Convicted and Sentenced Mr. Alvarez for Violations of Crim. Code § 2.402(A)(2) Without Proving the Intent Element of That Offense, in Violation of Mr. Alvarez's Right to Due Process Under 25 U.S.C. § 1302(8).**

48. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

49. Crim. Code § 2.402(A)(2) applies to persons who "[i]ntentionally" place another person in reasonable fear of immediate physical injury, meaning that they act with the objective of causing a particular result or engaging in particular conduct. Crim. Code § 2.104(A).

50. The Community presented no evidence at Mr. Alvarez's October 28, 2003 trial in case No. **CR-2003-543** regarding Mr. Alvarez's intent in connection with the conduct allegedly violating Crim. Code § 2.402(A)(2).

51. Because the Community failed to prove an element of the offenses charged in Count A and Count C in case No. **CR-2003-543**, Mr. Alvarez's convictions and sentences on these Counts were in violation of his right to "due process of law" under 25 U.S.C. § 1302(8).

**Claim 6: Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 were Entered in Violation of His Right to Counsel under 25 U.S.C. § 1302(6) Because Mr. Alvarez Did Not Make a Knowing and Voluntary Waiver of this Right.**

52. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

53. The Community did not adequately advise Mr. Alvarez of his right to counsel in connection with the cases numbered **CR-2003-543, CR-2003-549, CR-2003-552,** or **CR-2003-909**.

54. Mr. Alvarez did not make a knowing and voluntary waiver of his right to counsel under 25 U.S.C. § 1302(6) prior to being convicted and sentenced in the cases numbered **CR-2003-543, CR-2003-549, CR-2003-552,** or **CR-**

2003-909.

**Claim 7: Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 were Entered in Violation of His Right to Compulsory Process under 25 U.S.C. § 1302(6) Because Mr. Alvarez Did Not Make a Knowing and Voluntary Waiver of this Right.**

55. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

56. Mr. Alvarez was not aware, prior to his convictions and sentencings in the cases numbered **CR-2003-543, CR-2003-549, CR-2003-552, or CR-2003-909**, that he had a right to compulsory process for obtaining witnesses in his favor.

57. The Community did not adequately advise Mr. Alvarez of his right to compulsory process for obtaining witnesses in his favor in connection with the cases identified in the preceding paragraph.

58. Mr. Alvarez did not make a knowing and voluntary waiver of his right to compulsory process for obtaining witnesses in his favor under 25 U.S.C. § 1302(6) prior to being convicted and sentenced in the cases numbered **CR-2003-543, CR-2003-549, CR-2003-552, or CR-2003-909**.

**Claim 8: Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 were Entered in Violation of His Right to a Trial by Jury Trial under 25 U.S.C. § 1302(10) Because Mr. Alvarez Did Not Make a Knowing and Voluntary Waiver of this Right.**

59. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

60. Mr. Alvarez was not aware, prior to his convictions and sentencings in the cases numbered **CR-2003-543, CR-2003-549, CR-2003-552, or CR-2003-909**, that he had a right to trials by jury.

61. The Community did not adequately advise Mr. Alvarez of his right to trials

by jury in connection with the cases identified in the preceding paragraph.

62. Mr. Alvarez did not make a knowing and voluntary waiver of his right to trials by jury under 25 U.S.C. § 1302(10) prior to being convicted and sentenced in the cases numbered **CR-2003-543**, **CR-2003-549**, **CR-2003-552**, or **CR-2003-909**.

**Claim 9**: **Mr. Alvarez's Conviction and Sentence in Case Number CR-2003-549 Violated His Rights to be Informed of the Charges Against Him and to Due Process under 25 U.S.C. § 1302(6) and (8) Because Mr. Alvarez Was Never Provided With a Copy of the Complaint.**

63. Mr. Alvarez incorporates by this reference the preceding paragraphs of this Petition.

64. When he was arraigned in case number **CR-2003-549**, Mr. Alvarez indicated to the court that he was not sure he had received the complaint. The court accepted his guilty plea without confirming that he had.

65. Later, at the pretrial conference in case number **CR-2003-549**, Mr. Alvarez informed the court that he did not have the complaint. The court nevertheless accepted Mr. Alvarez's plea in the case again. The judge offered to make Mr. Alvarez a copy of the complaint, and Mr. Alvarez accepted the offer, but there is no indication that the judge did so.

66. Mr. Alvarez later agreed to plead guilty to, and was sentenced in connection with, some of the counts contained in the complaint in case number **CR-2003-549**, still without having been provided with a copy of the complaint.

67. These actions violated Mr. Alvarez's right to "be informed of the nature and cause of the accusation[s]" against him protected by 25 U.S.C. § 1302(6), as well as his right to due process of law protected by 25 U.S.C. § 1302(8).

## VII. Prayer for Relief

68. For the foregoing reasons, in light of any or all of the above-described violations of his rights under 25 U.S.C. § 1302, Mr. Alvarez's convictions and/or sentences are void or voidable, and he therefore respectfully requests that this Court:

   a. Grant him leave to conduct discovery with respect to the claims set forth above,

   b. Grant him leave to amend this Petition as and when discovery reveals the basis for claims in addition to those set forth above,

   c. After he has had the opportunity to conduct discovery, conduct an evidentiary hearing,

   d. Following the evidentiary hearing, grant him an unconditional or a conditional writ of habeas corpus with respect to any or all of the claims set forth above, and

   e. Grant him such other and further relief as the Court deems just and equitable.

Respectfully submitted on: 12·4·2008

/s/ FORTINO ALVAREZ
Gila River Indian Community Department
 of Rehabilitation and Supervision – Adult Division
P.O. Box 399
Sacaton, AZ  85247

12