```
                                           FILED ____ LODGED
                                      ____ RECEIVED ____ COPY

                                           DEC 0 5 2008

                                      CLERK U S DISTRICT COURT
                                        DISTRICT OF ARIZONA
                                      BY_____ DEPUTY
```

Fortino Alvarez
Gila River Indian Community Department
   of Rehabilitation and Supervision – Adult Division
P.O. Box 399
Sacaton, AZ  85247

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Fortino Alvarez,<br><br>   Petitioner,<br><br>v.<br><br>Rebecca Kisto, Acting Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision,<br><br>   Respondent. | CV 08-2226-PHX-DGC-DKD<br><br>**REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. § 3006A** |

Petitioner Fortino Alvarez is an enrolled member of the Gila River Indian Community ("the Community"). Mr. Alvarez is currently serving sentences totaling nine years in custody, imposed by the Gila River Indian Community Judicial Branch (the "Community Court"). Because he is being held in custody in violation of several of his rights under the Indian Civil Rights Act, 25 U.S.C. § 1302, Mr. Alvarez is filing herewith a Petition for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241. As the Financial Affidavit attached hereto as Exhibit A shows, Mr. Alvarez cannot afford to hire private counsel to represent him in connection with the Petition. Accordingly, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (the "CJA"), Mr. Alvarez respectfully requests that this Court appoint the Office of the Federal Public Defender for the District of Arizona to represent him in connection with the Petition. The Declaration of Assistant Federal Public Defender Daniel L. Kaplan attached hereto as Exhibit B demonstrates that Mr. Kaplan has familiarized himself with the

pertinent facts and legal issues and stands ready to represent Mr. Alvarez in connection with the Petition.

## Argument

### The "Interests of Justice" Require that CJA Counsel be Appointed to Assist Mr. Alvarez with His Petition for Writ of Habeas Corpus.

**A.   Mr. Alvarez is Eligible for CJA Counsel.**

18 U.S.C. § 3006A(a)(2)(B) specifies that a United States Magistrate Judge may appoint government-supplied counsel to represent a financially eligible individual seeking relief under 28 U.S.C. § 2241 upon the judge's determination that "the interests of justice so require." In deciding whether to appoint counsel in a habeas proceeding, the Court must "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In the instant case, the requisites for the appointment of CJA counsel are present. Mr. Alvarez is "financially eligible," as shown by the Financial Affidavit attached hereto as Exhibit A. Mr. Alvarez is seeking relief under 28 U.S.C. § 2241, as the Petition for Writ of Habeas Corpus filed herewith demonstrates. Section 2241 is applicable, because Mr. Alvarez is "in custody in violation of the Constitution or laws or treaties of the United States" (*id.* § 2241(c)(3)) – specifically, he is in custody in violation of the Indian Civil Rights Act, 25 U.S.C. § 1302. Mr. Alvarez's right to pursue habeas corpus relief is further confirmed by 25 U.S.C. § 1303, which provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." Finally, the "interests of justice" require that counsel be appointed, because Mr. Alvarez's claims are likely to

succeed on the merits – provided that he is given the assistance of counsel. The claims raised in the habeas petition are too complex for Mr. Alvarez to litigate effectively *pro se*.

**B.   Mr. Alvarez's Claims are Likely to Succeed.**

Mr. Alvarez's claims for violations of the Indian Civil Rights Act are substantial and likely to succeed. Mr. Alvarez hereby incorporates his Petition for Writ of Habeas Corpus by this reference, and provides the following elucidation of the claims presented therein.

1. **Claim 1: Mr. Alvarez's Sentences Violate 25 U.S.C. § 1302(7) Because They Impose Terms of Imprisonment Exceeding One Year in Connection with Individual Criminal Transactions.**

25 U.S.C. § 1302(7) prohibits any Indian tribe exercising powers of self-government from "impos[ing] for conviction of any one offense any penalty or punishment greater than imprisonment for a term of one year." 25 U.S.C. § 1302(7). It has been held that this language bars Indian tribes from imprisoning individuals for more than one year in connection with any "single criminal transaction." *Spears v. Red Lake Band of Chippewa Indians*, 363 F. Supp. 2d 1176 (D. Minn. 2005); *but see Ramos v. Pyramid Tribal Court*, 621 F. Supp. 967 (D. Nev. 1985). Mr. Alvarez is currently serving consecutive sentences totaling *nine* years in connection with *four* "criminal transactions." Mr. Alvarez's imprisonment has thus been in violation of 25 U.S.C. § 1302(7) since July 2, 2003, when he completed four years of imprisonment.

2. **Claim 2: Mr. Alvarez's Convictions and Sentences Violate 25 U.S.C. § 1302(6) and (8) Because He Was Improperly Denied his Right to Counsel.**

On July 7, 2003, Mr. Alvarez was arraigned in Community Court in the cases numbered CR-2003-549 and CR-2003-552. During the arraignment, the

judge asked Mr. Alvarez whether he would be seeking counsel, and Mr. Alvarez responded that he would. The judge nevertheless accepted Mr. Alvarez's pleas, continued with the arraignment, and scheduled Pretrial Conferences in four cases for a few weeks later, taking no steps to ensure that Mr. Alvarez would have the opportunity to obtain counsel. Proceedings in all of Mr. Alvarez's cases continued rapidly and with no effort to accommodate Mr. Alvarez's expressed desire to obtain counsel. In short order Mr. Alvarez, often betraying fundamental misunderstandings of what was going on in court, and at times going so far as to tell the judge, in open court, that he did not understand what was happening, was convicted of several offenses, pleaded guilty to several more, and was sentenced to terms of incarceration totaling nine years – all without the assistance of counsel.

The convictions and sentences violated Mr. Alvarez's right to counsel under 25 U.S.C. § 1302(6). Although Section 1302(6) does not entitle a criminal defendant to have counsel provided at government expense, it does entitle a defendant to "have the assistance of counsel for his defense," and the parallel right enshrined in the Sixth Amendment to the United States Constitution has long been recognized as entitling a defendant to "a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932); *accord United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (*citing Powell*, 287 U.S. at 53); *Nehad v. Mukasey*, 535 F.3d 962, 971 (9th Cir. 2008) (recognizing right to counsel as protected by Fifth Amendment Due Process Clause); *see also Randall v. Yakima Nation Tribal Court*, 841 F.2d 897, 900 (9th Cir. 1988) (where tribal court procedures parallel those found in Anglo-Saxon society, and the rights are the same under the Indian Civil Rights Act and the federal Bill of Rights, "federal constitutional standards are employed in determining whether the challenged procedure violates the Act"). Mr. Alvarez was not given a "fair opportunity" to

4

secure counsel in these cases, and the record confirms that he was severely prejudiced as a result.

3. **Claim 3: Mr. Alvarez's Conviction in Case No. CR-2003-543 Was Entered in Violation of His Confrontation Rights Under 25 U.S.C. § 1302(6), Because the Community's Lead Witness Testified to Incriminating Out-of-Court Statements by Non-Witness Erika Curiel.**

At Mr. Alvarez's bench trial in case No. CR-2003-543, which involved charges relating to an incident that allegedly occurred when Mr. Alvarez visited the home of his ex-girlfriend Erika Curiel on April 12, 2003, Community Police Officer Stanford W. Benally testified to the substance of incriminating out-of-court statements that he asserted had been made to him by Ms. Curiel. But Ms. Curiel did not testify at the trial. Moreover, there was no showing that Ms. Curiel was unavailable to testify at trial, and Mr. Alvarez did not have a prior opportunity to cross-examine her. The admission of Ms. Curiel's out-of-court statements therefore violated Mr. Alvarez's right "to be confronted with the witnesses against him" under 25 U.S.C. § 1302(6). *Cf. Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("[w]here testimonial evidence is at issue . . ., the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination"); *see also id.* at 68 (statements made "to police interrogations" are "testimonial"); *Randall*, 841 F.2d at 900.

4. **Claim 4: The Community Arbitrarily Failed to Comply with the Criminal Code Provision Requiring it to Provide Mr. Alvarez with Written Witness Statements Prior to Trial, in Violation of Mr. Alvarez's Right to Due Process Under 25 U.S.C. § 1302(8).**

The Community's Criminal Code ("Crim. Code") required the Community to provide to Mr. Alvarez, prior to trial, all "relevant written or recorded statements," defined to include any written "summary of a person's oral

statements," of all persons whom they were going to call as witnesses at trial. Crim. Code §§ 2.1311(B), 2.1312(C)(1). The Community possessed "relevant written or recorded statements" of witness Joseph Curiel prior to October 28, 2008, including: **(a)** statements contained in Officer Benally's Incident Report dated April 12, 2003; **(b)** statements contained in Officer Fisher's Incident Report relating to an incident occurring on April 28, 2003; **(c)** statements in the Probable Cause for Arrest Statement of Officer Benally dated April 12, 2003; and **(d)** statements in the Probable Cause for Arrest Statement of Officer Fisher dated April 28, 2003. The Community did not provide Mr. Alvarez with any discovery until the commencement of trial in case No. CR-2003-543, and even then, it failed to provide him with all of these documents. The Community's arbitrary failure to comply with its discovery obligations violated Mr. Alvarez's right to due process under 25 U.S.C. § 1302(8). *Cf. Vansickel v. White*, 166 F.3d 953, 957 (9th Cir. 1999) ("'[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state.'") (*quoting Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir. 1993)).

    5.    **Claim 5: The Community Convicted and Sentenced Mr. Alvarez for Violations of Crim. Code § 2.402(A)(2) Without Proving the Intent Element of That Offense, in Violation of Mr. Alvarez's Right to Due Process Under 25 U.S.C. § 1302(8).**

The Community convicted and sentenced Mr. Alvarez on two counts of violating Crim. Code § 2.402(A)(2), which applies to persons who "[i]ntentionally" place another person in reasonable fear of immediate physical injury, meaning that they act with the objective of causing a particular result or engaging in particular conduct. Crim. Code § 2.104(A). But the Community presented no evidence regarding Mr. Alvarez's intent in connection with the

conduct allegedly violating Crim. Code § 2.402(A)(2). Mr. Alvarez's convictions and sentences on these Counts therefore were in violation of his right to "due process of law" under 25 U.S.C. § 1302(8). *United States v. Salazar-Gonzalez*, 458 F.3d 851, 856 (9th Cir. 2006) ("The Supreme Court has long held that the Due Process Clause requires the government to prove each element of the crime beyond a reasonable doubt.").

6. **Claim 6**: **Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 were Entered in Violation of His Right to Counsel under 25 U.S.C. § 1302(6) Because Mr. Alvarez Did Not Make a Knowing and Voluntary Waiver of this Right.**

Mr. Alvarez was not aware, prior to his convictions and sentencings in the cases numbered CR-2003-543, CR-2003-549, CR-2003-552, or CR-2003-909, that he had a right to counsel. The Community did not adequately advise Mr. Alvarez of his right to counsel in connection with the cases identified in the preceding paragraph. Mr. Alvarez accordingly did not make a knowing and voluntary waiver of his right to counsel under 25 U.S.C. § 1302(6) prior to being convicted and sentenced in these cases. *Cf. United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2008) (waiver of statutory right to appeal must be knowing and voluntary to be valid).

7. **Claim 7**: **Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 were Entered in Violation of His Right to Compulsory Process under 25 U.S.C. § 1302(6) Because Mr. Alvarez Did Not Make a Knowing and Voluntary Waiver of this Right.**

Mr. Alvarez was not aware, prior to his convictions and sentencings in the cases numbered CR-2003-543, CR-2003-549, CR-2003-552, or CR-2003-909, that he had a right to compulsory process for obtaining witnesses in his favor. The Community did not adequately advise Mr. Alvarez of his right to compulsory

process for obtaining witnesses in his favor in connection with the cases identified in the preceding paragraph. Mr. Alvarez therefore did not make a knowing and voluntary waiver of his right to compulsory process for obtaining witnesses in his favor under 25 U.S.C. § 1302(6) prior to being convicted and sentenced these cases.

8. **Claim 8: Mr. Alvarez's Convictions and Sentences in the Cases Numbered CR-2003-543, CR-2003-549, CR-2003-552, and CR-2003-909 were Entered in Violation of His Right to a Trial by Jury Trial under 25 U.S.C. § 1302(10) Because Mr. Alvarez Did Not Make a Knowing and Voluntary Waiver of this Right.**

Mr. Alvarez was not aware, prior to his convictions and sentencings in the cases numbered CR-2003-543, CR-2003-549, CR-2003-552, or CR-2003-909, that he had a right to trials by jury. The Community did not adequately advise Mr. Alvarez of his right to trials by jury in connection with the cases identified in the preceding paragraph. Mr. Alvarez therefore did not make a knowing and voluntary waiver of his right to trials by jury under 25 U.S.C. § 1302(10) prior to being convicted and sentenced these cases.

9. **Claim 9: Mr. Alvarez's Conviction and Sentence in Case Number CR-2003-549 Violated His Rights to be Informed of the Charges Against Him and to Due Process under 25 U.S.C. § 1302(6) and (8) Because Mr. Alvarez Was Never Provided a Copy of the Complaint in this Case.**

Mr. Alvarez made plain to the Community Court that he did not have the complaint in case number CR-2003-549. At his arraignment he expressed uncertainty as to whether he received it, and the court did not inquire further. At his pretrial conference, he plainly told the court that he did *not* have it. The judge told Mr. Alvarez that he "must have" received it because he had already been arraigned in the case. The court did offer to make Mr. Alvarez a copy of the complaint, but although Mr. Alvarez accepted the offer, there is no indication that

8

the judge did so. Mr. Alvarez subsequently pleaded guilty to, and was sentenced in connection with, counts in this complaint, apparently without having been provided with a copy of it. This constituted a violation of his right "to be informed of the nature and cause of the accusation[s]" against him protected by 25 U.S.C. § 1302(6), as well as his right to due process of law protected by 25 U.S.C. § 1302(8).

### C.  Mr. Alvarez's Claims are Too Complex for Him to Litigate Effectively *Pro Se*.

Mr. Alvarez is unfortunately unable to litigate these claims effectively *pro se*. Mr. Alvarez has only a seventh-grade education, and required special education instruction from second through seventh grade. Mr. Alvarez's mother drank while pregnant with him, and he was run over by his father at the age of four or five and suffered a head injury. Presumably as a result of these factors, Mr. Alvarez's reading skills are extremely limited, and he has great difficulty reading and concentrating. Mr. Alvarez has no legal training and is not capable of effectively researching, articulating, and arguing the legal issues presented in his Petition.

### Conclusion

In summary, the claims raised in Mr. Alvarez's Petition for Writ of Habeas Corpus involve complex statutory and constitutional matters. The claims are likely to succeed on their merits, but only with the application of legal skills that Mr. Alvarez does not possess – including the ability to conduct effective discovery, analyze and synthesize the applicable caselaw, and respond to the Community's defenses. For these reasons, and because Mr. Alvarez is eligible for

relief, the Court should appoint the Office of the Federal Public Defender for the District of Arizona to represent Mr. Alvarez in connection with his Petition.

Respectfully submitted on: 12·4·2008

FORTINO ALVAREZ
Gila River Indian Community Department
 of Rehabilitation and Supervision – Adult Division
P.O. Box 399
Sacaton, AZ  85247

I hereby certify that a copy of the foregoing document was mailed on 12·4·2008 to:

Gila River Indian Community Law Office
151 S. Bluebird Rd.
Sacaton, AZ  85247
*Attorney for Respondent*

FORTINO ALVAREZ

# EXHIBIT A

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA 23
Rev. 5/98

| IN UNITED STATES | ☐ MAGISTRATE | ☐ DISTRICT | ☐ APPEALS COURT or | ☐ OTHER PANEL (Specify below) |

IN THE CASE OF _____ V.S. _____

FOR _____
AT _____

LOCATION NUMBER _____

PERSON REPRESENTED (Show your full name) _____

1. ☐ Defendant—Adult
2. ☐ Defendant - Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Parole Violator
6. ☐ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☐ Other

DOCKET NUMBERS
- Magistrate
- District Court
- Court of Appeals

CHARGE/OFFENSE (describe if applicable & check box →)  ☐ Felony  ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**EMPLOYMENT**
Are you now employed? ☐ Yes  ☒ No  ☐ Am Self-Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $ _____
IF NO, give month and year of last employment. How much did you earn per month? $ _____
If married is your Spouse employed? ☐ Yes  ☒ No
IF YES, how much does your Spouse earn per month? $ N/A
If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

**ASSETS**

**OTHER INCOME** — Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes  ☒ No
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES
RECEIVED $ _____    SOURCES _____

**CASH** — Have you any cash on hand or money in savings or checking accounts? ☐ Yes  ☒ No  IF YES, state total amount $ _____

**PROPERTY** — Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes  ☒ No
IF YES, GIVE THE VALUE AND DESCRIBE IT
VALUE $ _____   DESCRIPTION _____

**DEPENDENTS**
MARITAL STATUS: ✓ SINGLE / MARRIED / WIDOWED / SEPARATED OR DIVORCED
Total No. of Dependents: 0
List persons you actually support and your relationship to them: _____

**OBLIGATIONS & DEBTS**

DEBTS & MONTHLY BILLS (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: | Creditors | Total Debt | Monthly Paymt. |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _5-19-08_

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ► _[signature]_

# EXHIBIT B

## DECLARATION OF DANIEL L. KAPLAN

I, Daniel L. Kaplan, Assistant Federal Public Defender in the District of Arizona, hereby declare as follows:

1. I am an Assistant Federal Public Defender in the District of Arizona, Phoenix Office.

2. I have substantial experience in civil and criminal litigation, some of which has involved petitions for writs of habeas corpus.

3. In September of 2008, I attended a two-day seminar on the subject of non-capital habeas corpus litigation in Nashville, Tennessee.

4. I have reviewed extensive materials, including minutes, orders, and recordings of hearings, relating to the prosecution and sentencing of Fortino Alvarez by the Gila River Indian Community.

5. I have been assisted in reviewing Mr. Alvarez's cases by Gila River Indian Community Defense Attorney Jessica Turk, as well as by my colleagues Peter Whitney and Keith Hilzendeger.

6. Together with Ms. Turk, Mr. Whitney, and Mr. Hilzendeger, I have discussed with Mr. Alvarez the matters that are dealt with in the Petition for Writ of Habeas Corpus that he is filing herewith.

7. I am familiar with the matters set forth in the Petition for Writ of Habeas Corpus that Mr. Alvarez is filing herewith, and stand ready to represent him in connection with the Petition if appointed under the Criminal Justice Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2008

*/s/ Daniel L. Kaplan*
DANIEL L. KAPLAN