1  Jennifer K. Giff (State Bar No. 018366)
   Thomas Murphy (State Bar No. 022953)
2  Kiyoko Patterson (State Bar No. 023753)
   Gila River Indian Community Law Office
3  Post Office Box 97
   Sacaton, Arizona 85247
4  Telephone: (520) 562-9760
   Facsimile:  (520) 562-9769
5  *Attorneys for Respondent*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fortino Alvarez, | No. CV 08-2226-PHX-DGC DKD |
| Petitioner, | |
| vs. | **RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |
| Rebecca Kisto, Acting Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision, | |
| Respondent. | |

Respondent Rebecca Kisto ("Respondent"), by and through the undersigned counsel, hereby responds to the *Petition for Writ of Habeas Corpus* (hereinafter "*Petition*"). In response to the numbered paragraphs in the *Petition*, Respondent denies all the allegations unless specifically admitted herein and states:

1.  Respondent admits that the district court has jurisdiction in this matter pursuant to 25 U.S.C. § 1303 and that the Petitioner is currently in the custody of the Gila River Indian Community, a federally-recognized Indian tribe.

2.       Respondent admits the allegations of paragraphs 1 through 7 of the *Petition*.

3.       In response to paragraph 8, Respondent admits that Petitioner is challenging his convictions and sentences in the cases listed, but affirmatively states that Petitioner has completed his sentences for CR-2003-549 and CR-2003-552 and is not in custody for those matters.

4.       Respondent admits the allegation of paragraphs 9 and 10.

5.       In response to paragraphs 11 through 13, Respondent denies the allegations.

6.       In response to paragraph 14, Respondent denies the allegation and affirmatively states that the Gila River Indian Community has an established Court of Appeals, and that Community law does not preclude Petitioner from raising these claims in the Community Court; however, Petitioner did not appeal his convictions and has not raised the present claims in the Community Court.

7.       Respondent admits the allegations of paragraphs 15 and 16.

8.       In response to Paragraph 17, Respondent admits that the charges in CR-2003-543 related to events which took place on one day, but otherwise denies the allegations of the paragraph, which appear to make legal and not factual allegations.

9.       In response to paragraphs 18 through 21, Respondent states that Petitioner has completed his sentences for CR-2003-549 and CR-2003-552, is not in custody for those matters, and that no response is required. To the extent a response

is required, Respondent admits the allegations of paragraphs 18 and 20 and, in response to paragraph 19, admits that the charges in CR-2003-552 related to events which took place on one day, but otherwise denies the allegations of the paragraph, which appear to make legal and not factual allegations.

10. Respondent admits the allegations of paragraphs 22 through 26.

11. In response to paragraph 27, Respondent admits that Petitioner pled guilty to charges in CR-2003-049 and CR-2003-552, but denies the remaining allegations and states that Petitioner has completed his sentences for CR-2003-549 and CR-2003-552 and is not in custody for those matters.

12. Respondent admits the allegations of paragraph 28 as to the sentences imposed and states that Petitioner has completed his sentences for CR-2003-549 and CR-2003-552 and is not in custody for those matters.

13. Respondent admits the allegations of paragraphs 29 through 31.

14. In response to paragraph 32, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

15. In response to Paragraph 33, Respondent states that it is not a factual allegation, but a citation to the United States Code to which no response is required.

16. Respondent denies the allegation of paragraph 34 and states that Petitioner has completed his sentences for CR-2003-549 and CR-2003-552 and is not in custody for those matters.

17. Paragraph 35 is a hypothetical statement that does not require a response; however to the extent a response is required, Respondent admits that, if

Petitioner was sentenced to one year each for four cases, his total sentence would be four years.

19. In response to paragraph 36, Respondent denies the allegation.

19. In response to paragraph 37, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

20. In response to paragraph 38, Respondent admits that the Petitioner was arraigned on July 7, 2003, but denies the remaining allegations and affirmatively states that Petitioner was advised of his right to counsel, the availability of counsel without cost from Four Rivers Legal Services, and of the right to counsel at his own expense. Respondent also affirmatively states that Petitioner desired to enter guilty pleas to all charges at the hearing on July 7, 2003, but the court would not accept the pleas because Petitioner had not had an opportunity to consult with counsel. Petitioner had *almost four months*—from his arraignment on July 3, 2003 until his trial and first guilty pleas on October 28, 2003—to obtain counsel.

21. In response to paragraph 39, Respondent denies the allegations and affirmatively states that Petitioner had the right to counsel at his own expense.

22. In response to paragraph 40, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

23. Respondent admits the allegations of paragraphs 41 and 42.

24. In response to paragraph 43, Respondent denies the allegations and affirmatively states that the rule of *Crawford v. Washington*, 541 U.S. 36 (2004), was decided after Petitioner's conviction in CR-2003-543 and is not retroactive, *Whorton*

*v. Bockting*, 549 U.S. 406 (2007), and that Petitioner admitted to the criminal conduct during trial.

26. In response to paragraph 44, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

26. Respondent admits the allegation of paragraph 45.

27. In response to paragraph 46, Respondent states that the Community provided discovery to Petitioner in accordance with the Gila River Indian Community Code.

28. In response to paragraph 47, Respondent denies the allegation and affirmatively states that there is no allegation that any of the materials allegedly withheld were exculpatory.

29. In response to paragraph 48, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

30. Respondent admits the allegation of paragraph 49.

31. In response to paragraph 50, Respondent denies the allegations that no evidence of intent was presented at trial and affirmatively states that intent may be inferred from Petitioner's actions.

32. In response to paragraph 51, Respondent denies the allegations and affirmatively states that the determination of sufficiency of evidence of intent is a matter of tribal law.

33. In response to paragraph 52, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

34. In response to paragraph 53, Respondent states that Petitioner has completed his sentences for CR-2003-549 and CR-2003-552 and is not in custody for those matters, and denies all other allegations. Respondent affirmatively states that Petitioner was advised of his right to counsel, including the right to representation without cost by Four Rivers Legal Services, and the right to counsel at his own cost on July 3, 2003 and on November 13, 2003.

35. In response to paragraph 54, Respondent denies the allegations.

36. In response to paragraph 55, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

37. In response to paragraphs 56 and 57, Respondent denies that Petitioner was not informed of his right to compulsory process.

38. In response to paragraph 58, Respondent denies the allegations and affirmatively states that Petitioner has not identified any persons he would have summoned to trial through the use of compulsory process or that the outcome of the trial would have been different.

39. In response to paragraph 59, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

40. Respondent denies the allegations of paragraphs 60 through 62.

41. In response to paragraph 63, Respondent incorporates her responses to the preceding paragraphs of the *Petition*.

42. In response to paragraphs 64 through 67, Respondent denies the allegations. In response to paragraphs 64 and 65, Respondent affirmatively states

that, at the hearing on July 31, 2003, Petitioner stated that he had copies of the complaints in all pending cases and, in fact, read from the complaints. It was initially believed at the July 31, 2003, hearing that Petitioner did not have the second page of the complaint in No. CR-2003-0543, but he later stated, "I've got it right here."

## **AFFIRMATIVE DEFENSES**

43. Petitioner has completed his sentences for CR-2003-549 and CR-2003-552 and is not in custody for those matters and is therefore barred from relief for claims arising out of those matters.

44. Petitioner has not exhausted his remedies in the Gila River Indian Community Court through either (a) a motion to correct his sentences; or (b) through a motion for commutation based upon the grounds raised in his Petition.

45. Petitioner has not raised the present claims in the courts of the Gila River Indian Community.

46. Petitioner's claims, in whole or part, fail to state a claim upon which relief can be granted.

47. Petitioner's claims regarding *Crawford v. Washington*, 541 U.S. 36 (2004), are barred as it was decided after Petitioner's conviction in CR-2003-543 and is not retroactive, *Whorton v. Bockting*, 549 U.S. 406 (2007).

48. Petitioner's claims may be barred by the applicable statute of limitations.

49. Petitioner's claims regarding discovery are barred because there is no allegation or showing that the materials contained exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

50. Petitioner's claims regarding compulsory process are barred because there is no allegation or showing that he would have used such process or that the use of such process would created the probability of a different result.

Wherefore, Respondent requests this Court deny the *Petition for Writ of Habeas Corpus*, and for other relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 13th day of January, 2009.

          s/ *Thomas L. Murphy*
          Jennifer K. Giff, General Counsel
          Thomas L. Murphy, Senior Counsel
          Kiyoko Patterson, Assistant General Counsel
          *Attorneys for Respondent*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2009, I electronically transmitted the foregoing document to the Clerk's Office of the United States District Court for the District of Arizona using the CM/EMF system and mailed a copy to:

Fortino Alvarez
Gila River Indian Community
Department of Rehabilitation
 & Supervision-Adult Division
Post Office Box 339
Sacaton, Arizona 86247

s/ *Thomas L. Murphy*