**FEDERAL PUBLIC DEFENDER**
District of Arizona
850 West Adams Street, Suite 201
**PHOENIX, ARIZONA 85004-2250**

JON M. SANDS
Federal Public Defender

(602) 382-2767
FEB 13 2009
(FAX) 602-382-2800
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

January 23, 2009

The Honorable David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58

CV 08-2226

Re:   *Alvarez v. Kisto*, No. 08-2226 (D. Ariz.)
      Request for Appointment of Counsel

Dear Judge Campbell:

   I am writing in support of Fortino Alvarez's request that you reconsider your order declining to appoint counsel to represent him in the above-captioned case, and to suggest that you appoint the Office of the Federal Public Defender (FPD) to represent Mr. Alvarez. Copies of this letter are simultaneously being sent to counsel for both parties.

   I first want to note that I and my colleagues at the FPD consulted extensively with Mr. Alvarez in the preparation of his initial pleadings in anticipation of a possible appointment. Those pleadings are not reflective of the quality of legal work that Mr. Alvarez is capable of *without* such consultation. In fact, I am confident that Mr. Alvarez does not have the ability to represent himself effectively in this case. This conclusion derives in part from my review of recordings of the underlying proceedings in which Mr. Alvarez represented himself in Community court. These recordings provide extensive evidence of Mr. Alvarez's confusion and inability to follow the course of the proceedings or to represent himself effectively. I am enclosing with this letter a recording of the pretrial conference held in the Community court in Mr. Alvarez's cases on July 31, 2003, as an illustrative sample. The recording reflects that Mr. Alvarez is unclear as to how many cases are pending against him, does not understand the nature of a pretrial conference, and at one point admits that he doesn't "know about court that much." To make matters worse, I am informed by Jessica Turk, a Defense Attorney with the Gila River Indian Community Defense Services Office, that the facility in which Mr. Alvarez is incarcerated has no law library of any kind. The response filed by the Community's attorneys, by contrast, demonstrates that the attorneys representing the Respondent are quite sophisticated and have extensive legal resources at their disposal. Not to put too fine a point on it, leaving Mr. Alvarez to face these attorneys without counsel or the ability to do legal research is like sending an unarmed child into battle against an Army brigade.

The Honorable David G. Campbell
January 23, 2009
Page 2

    Secondly, I want to state my view that the issues raised by Mr. Alvarez's petition are complex and significant. The claims inherently have an extra layer of complexity as compared to cases brought under 28 U.S.C. §§ 2254 and 2255, because they require not only that the petitioner identify the pertinent constitutional rights, but also that he translate them into the Indian Civil Rights Act context, addressing any differences in wording, and dealing with arguments to the effect that constitutional principles should apply differently in the context of actions against tribal, as opposed to state or federal, governments. Moreover, the Community's response raises novel issues of intergovernmental comity that have contours markedly different from the related doctrines applicable in cases brought by state prisoners. Finally, several of the issues raised – particularly the "stacking" issue raised in Mr. Alvarez's first claim – have broad significance with respect to the charging and sentencing powers of tribal governments. Our research indicates that the "stacking" issue has been addressed in only two published district court decisions, and has not yet reached a circuit court. The possibility that this case may eventually lead to the decision of this important issue as a matter of first impression in the Ninth Circuit, and potentially in the Supreme Court, weighs in favor of appointing counsel in this Court, to ensure that an adequate record is made and the issues fully fleshed out at each level.

    For these reasons, I support Mr. Alvarez's request that the Court reconsider its order declining to appoint counsel to represent him, and request that the Court appoint the FPD to represent Mr. Alvarez in this case. I also support Mr. Alvarez's request for a hearing, and would welcome the opportunity to participate in the hearing if the Court were to set one. Thank you for your attention.

                                                  Sincerely,

                                                  DANIEL L. KAPLAN
                                                  Assistant Federal Public Defender

DLK:slw

Enclosure

cc (w/o enclosure):    Jennifer Kay Giff, Gila River Indian Community, Pima-Maricopa Tribe Law Office, P.O. Box 97, Sacaton, AZ 85247-0400

                        Fortino Alvarez, Sacaton-AZ-GRIC Dept. of Rehab. & Sprvsn. Adult Division Gila River Indian Community Department of Rehabilitation and Supervision, P.O. Box 399, Sacaton, AZ 85247