**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fortino Alvarez, | CV-08-2226-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Rebecca Kristo, Acting Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision, | |
| Respondent. | |

Petitioner Fortino Alvarez is an inmate of the Gila River Indian Community Department of Rehabilitation and Supervision. On December 5, 2008, Petitioner filed a petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241. Dkt. #1. The petition asserts, among other things, that Petitioner was denied due process, the right to counsel, and the right to a jury trial. *Id.*

Petitioner filed a motion for appointment of counsel. Dkt. #3. Because Petitioner's claims were well presented, the Court concluded that appointed counsel was not warranted and denied Petitioner's motion. Dkt. #4. Petitioner then filed a motion for reconsideration. Dkt. #5. Concluding that Petitioner had not made the showing necessary to warrant reconsideration, the Court denied the motion. Dkt. #8.

The Court has received a letter from Daniel Kaplan, an attorney with the office of the Federal Public Defender for the District of Arizona. Dkt. #11. Mr. Kaplan explains that his office assisted Petitioner in drafting the petition and that issues raised by the petition are of

some significance in the federal courts and have not reached the appellate level. *Id.* Mr. Kaplan asks that his office be appointed to represent Petitioner. *Id.*

In light of Mr. Kaplan's letter, the Court concluded that additional consideration of Petitioner's request for appointment of counsel was warranted. A hearing was held on February 27, 2009, to determine whether the Court should appoint the office of the Federal Public Defender to represent Petitioner. Dkt. #13. Among other facts, the Court has learned that Petitioner is serving a prison term of up to five years, that he was not represented by counsel at the trial level, and that the tribal facility in which he is incarcerated has no law library or other form of legal assistance. The Court concludes that the interests of justice require that the Federal Public Defender be appointed to represent Petitioner in this matter. 18 U.S.C. § 3006A(a)(2)(B) (whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241"); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**IT IS ORDERED:**

1. The Federal Public Defender is appointed to represent Petitioner in this matter.
2. The orders denying Petitioner's motion for appointment of counsel (Dkt. #4) and motion for reconsideration (Dkt. #8) are vacated.

DATED this 3rd day of March, 2009.

_____
David G. Campbell
United States District Judge

cc: Daniel Kaplan
Federal Public Defender's Office
850 West Jefferson Street
Suite 201
Phoenix, AZ   85004