1    Jennifer K. Giff (State Bar No. 018366)
     Thomas Murphy (State Bar No. 022953)
2    Kiyoko Patterson (State Bar No. 023753)
     Gila River Indian Community Law Office
3    Post Office Box 97
     Sacaton, Arizona 85247
4    Telephone: (520) 562-9760
     Facsimile:  (520) 562-9769
5    *Attorneys for Respondent*

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Fortino Alvarez,                    )      No. CV 08-2226-PHX-DGC DKD
                                         )
10                   Petitioner,         )
                                         )
11   vs.                                 )      **MOTION TO DISMISS FOR**
                                         )      **FAILURE TO EXHAUST**
12                                       )      **TRIBAL COURT REMEDIES**
     Randy Tracy, Acting Chief           )
13   Administrator, Gila River Indian    )
     Community Department of             )
14   Rehabilitation and Supervision,     )
                                         )
15                   Respondent.         )
                                         )
16   ——————————————————————— )

17        Respondent Randy Tracy ("Respondent"), by and through the undersigned counsel,

18   hereby moves the court to dismiss this matter pending exhaustion of tribal court remedies.

19   As grounds for this motion, Respondent states:

20                              **Statement of Facts**

21        In support of this motion, Respondent proffers the following:

22        1.      Petitioner seeks habeas relief under the Indian Civil Rights Act of 1968, 25

23   U.S.C. § 1303, and 28 U.S.C. § 2241.[1]

24

25   _____

26
     [1] Petition for Writ of Habeas Corpus [doc. 1], filed December 5, 2008.

*Motion to Dismiss for Failure to Exhaust* - Page 1 of 6

1    2.    In response to the *Petition*, Respondent alleges that, "Petitioner has not

2    exhausted his remedies in the Gila River Indian Community Court through either (a) a

3    motion to correct his sentences; or (b) through a motion for commutation based upon the

4    grounds raised in his *Petition*."[2]

5    3.    Respondent now seeks relief on his affirmative defense based upon

6    Petitioner's failure to exhaust his tribal court remedies.

7    4.    The Gila River Indian Community, a federally-recognized Indian tribe,

8    adopted its present code as the *Gila River Indian Community Code* in 1983.[3]

9    5.    Included within Title 2 of the *Gila River Indian Community Code* is the

10   following provision:

> E.    Commutation of Sentence.  If the Court is satisfied that justice will best be served
> by reducing a sentence, the court may commute to a lesser period any sentence imposed
> upon a person, upon proof that during the period of sentence the person served without
> misconduct and did satisfactory work. The offender may be placed on probation for the
> remainder of the sentence.[4]

6.    This provision provides the Community Court with continuing jurisdiction

over sentencing issues and permits Petitioner the opportunity to raise the issues in his instant

*Petition* in the tribal courts of the Gila River Indian Community.

7.    Petitioner is represented in the Community Court by a licensed attorney, who

has entered her appearance in *all* of the matters which are the subject of the instant *Petition*.[5]

---

[2] Response to Petition for Writ of Habeas Corpus [doc. 6], filed January 13, 2009, at 7.

[3] Resolution GR-131-83 (August 17, 1983).

[4] Gila River Indian Community Code, Title 2 § 2.1324(E).

[5] Exhibit A, Notice of Appearance of Jessica Turk, Esq., in Gila River Indian Community Court No. CR-2003-0543, filed April 28, 2008; Exhibit B, Notice of Appearance of Jessica Turk, Esq., in No. CR-2003-549, served November 4, 2008; Exhibit C, Notice of Appearance of Jessica Turk, Esq., in No. CR-2003-552, served November 4, 2008; and Exhibit D, Notice of Appearance of Jessica Turk, Esq., in No. CR-2003-909, served November 4, 2008.

1    8.    In ruling on Petitioner's *Motion to Compel* in No. CR-2003-543, the

2  Community Court noted that the ruling *did not address* the power of the Community Court to

3  entertain a habeas corpus petition under the Indian Civil Rights Act.[6]

4    9.    Petitioner has not raised any of the issues in his *Petition* in the Community

5  Court in the form of a motion to correct his sentences, a motion for commutation or a habeas

6  corpus petition.

7                                **Argument & Authorities**

8    While 28 U.S.C. § 2254(b) contains a specific exhaustion requirement, there is no

9  express requirement written into the Indian Civil Rights Act ("ICRA"). 25 U.S.C. § 1302 *et*

10 *seq.* While it may be argued that ICRA's lack of an exhaustion requirement means that

11 exhaustion is not necessary, courts reviewing habeas cases under ICRA have held that the

12 petitioner must exhaust tribal remedies before federal courts get involved in tribal disputes.

13 The seminal case in this area is *O'Neal v. Cheyenne River Sioux Tribe*, 482 F.2d 1140 (8th

14 Cir. 1973), which examined congressional policy behind ICRA and determined that plaintiffs

15 who do not exhaust tribal remedies in civil disputes with an Indian tribe are precluded from

16 bringing suit in federal court.

17    In *Necklace v. Tribal Court of the Three Affiliated Tribes*, 554 F.2d 845 (8th Cir.

18 1977), the Eight Circuit dismissed a habeas petition filed under ICRA where the petitioner

19 alleged she was unlawfully confined in a state hospital pursuant to a tribal court order. In

20 dismissing the petition, the court stated that, "as to tribal remedies, we have held, as a matter

21 of comity, that tribal remedies must ordinarily be exhausted before a claim is asserted under

22 the Indian Civil Rights Act." 554 F.2d at 846 (citations omitted). Noting that the requirement

23 is not an inflexible one, the court continued that there is a process which must balance the

24 need to preserve the cultural identity of the tribe "by strengthening the authority of the tribal

25

26 [6] Exhibit E, Order on Motion to Compel, No. CR-2003-543 (July 8, 2008), ¶ 5 at 2 ("This Order does not address this Court's ability to review habeas corpus proceedings under ICRA.").

*Motion to Dismiss for Failure to Exhaust* - Page 3 of 6

1  courts, against the need to immediately adjudicate alleged deprivation of individual rights."

2  *Id.*[7]

3  In 1995, the Ninth Circuit held that a tribal member was required to exhaust tribal

4  court procedures consistent with ICRA before she could seek a writ of habeas corpus. *Wetsit*

5  *v. Stafne*, 44 F.3d 823 (9th Cir. 1995). In *Wetsit*, which was a double jeopardy challenge to

6  the prosecution of a tribal member, the Ninth Circuit said:

7

8  > It is different when the petitioner is a member of the tribe. Then, by virtue of her
   > consent to tribal membership, she is bound to follow the procedures of the tribe if
   > they are consistent with the Indian Civil Rights Act. Having failed to do so, she is

9  > not entitled to have her petition for writ of habeas relief considered.

10

11  44 F.3d at 826. Thus, in order to consider this matter, the court must inquire as to the

12  availability of any remedy available through the Community Court.

13  A federal court must give the tribal court a full opportunity to determine its own

14  jurisdiction, which includes exhausting opportunities for appellate review in tribal courts.

15  *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-17 (1987); *Boozer v. Wilder*, 381 F.3d 931,

16  935 (9th Cir. 2004). *Boozer* identified three general exceptions to the exhaustion

17  requirement: (1) where the action is patently violative of express jurisdictional prohibitions;

18  (2) it is otherwise plain that the tribal court lacks jurisdiction over the dispute; or (3) where

19  assertion of tribal court jurisdiction is motivated by a desire to harass or is conducted in bad

20  faith. *Id.* (citations omitted). A review of this matter indicates that none of the exceptions to

21  the exhaustion requirement are present.

22  First, there is no express prohibition on the Community Court exercising jurisdiction

23  over these issues; to the contrary, Supreme Court precedent anticipates that tribes will

24  develop mechanisms for adjudicating matters under ICRA and that tribal courts are the

25

26  [7] Or, as the Ninth Circuit has explained, "The Supreme Court's policy of nurturing tribal self-government strongly discourages federal courts from assuming jurisdiction over unexhausted claims." *Selam v. Warm Springs Tribal Correctional Facility*, 134 F.3d 948, 953 (9th Cir. 1998) (citations omitted).

*Motion to Dismiss for Failure to Exhaust - Page 4 of 6*

1   appropriate places to do so. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 65-66 (1978)

2   (citations omitted). Petitioner's counsel should have carefully read the *Order on Motion to*

3   *Compel* received from the Community Court in No. CR-2003-543, in which the court

4   expressly stated, "This Order *does not* address this Court's ability to review habeas corpus

5   proceedings under ICRA."[8] Not having attempted to file his habeas petition with the

6   Community Court, Petitioner should not be permitted to seek relief in the federal courts.

7          Second, there is no motive to harass Petitioner or preclude him from obtaining relief

8   in the Community's Courts. For example, the court may take judicial notice that in another

9   habeas matter filed in this court, the Community—not the petitioner in that matter—filed a

10   motion seeking commutation in the Community Court.[9]

11          Wherefore, Respondent requests this court recognize the sovereignty interests

12   implicated in this matter, and grant his *Motion to Dismiss for Failure to Exhaust Tribal*

13   *Court Remedies*, and for other relief as the Court deems proper.

14          RESPECTFULLY SUBMITTED this 5th day of May, 2009.

15

16                                  s/ *Thomas L. Murphy*
                                    Jennifer K. Giff, General Counsel

17                                  Thomas L. Murphy, Senior Counsel
                                    Kiyoko Patterson, Assistant General Counsel

18                                  *Attorneys for Respondent*

19

20

21

22

23

24   _____

25   [8] Exhibit E, ¶ 5 at 2.

26   [9] Respondent's Memorandum in Support of Motion for Summary Judgment, Anderson v. Henton, et al., No. CV-03-0958 PHX-DGC CRP [doc. 46], ¶ 10 at 3, 4-7. For unexplained reasons, the petitioner in the matter opposed the motion seeking commutation.

1

2                          **CERTIFICATE OF SERVICE**

3        I hereby certify that on May 5, 2000, I electronically transmitted the foregoing

4   document to the Clerk's Office of the United States District Court for the District of Arizona

5   using the CM/EMF system for filing and for transmittal of a *Notice of Electronic Filing* to

6   the following CM/EMF registrants:

7

8   Daniel L. Kaplan, Esq.
    850 West Adams Street, Suite 201
9   Phoenix, Arizona 85997
    dan_kaplan@fd.org
10
    s/ *Thomas L. Murphy*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## INDEX OF ATTACHED EXHIBITS

| | |
|---|---|
| **Exhibit A** | Notice of Appearance of Jessica Turk, CR-2003-000543 |
| **Exhibit B** | Notice of Appearance of Jessica Turk, CR-2003-000549 |
| **Exhibit C** | Notice of Appearance of Jessica Turk, CR-2003-000552 |
| **Exhibit D** | Notice of Appearance of Jessica Turk, CR-2003-00909 |
| **Exhibit E** | Order on Motion to Compel, CR-2003-000543 |



FILED
GILA RIVER INDIAN
COMMUNITY
TRIAL COURT

Jessica Turk
Arizona State Bar #024916
Gila River Indian Community
Defense Services Office
P.O. Box 97
Sacaton, Arizona 85247
(520) 562-5700
Counsel for the Defendant

## IN THE COMMUNITY COURT OF THE GILA RIVER INDIAN COMMUNITY
## IN THE COUNTIES OF PINAL AND MARICOPA
## IN THE STATE OF ARIZONA

| | |
|---|---|
| **GILA RIVER INDIAN COMMUNITY,** | **Case No.: CR-2003-000543** |
| Plaintiff, | |
| vs. | **NOTICE OF APPEARANCE** |
| **FORTINO ALVAREZ,** | |
| Defendant | |

Notice is hereby given that the Defense Services Office, through counsel **Jessica Turk**, makes

her appearance to represent the named defendant in the above matter.

By: _____
Jessica Turk
Counsel for the Defendant

Original and copies of the foregoing delivered
this _28th_ day of April, 2008, to:

GRIC – Community Court

GRIC – Prosecutor

**EXHIBIT A**

Jessica Turk
Arizona State Bar #024916
Gila River Indian Community
Defense Services Office
P.O. Box 97
Sacaton, Arizona 85247
(520) 562-5700
Counsel for the Defendant



## IN THE COMMUNITY COURT OF THE GILA RIVER INDIAN COMMUNITY
## IN THE COUNTIES OF PINAL AND MARICOPA
## IN THE STATE OF ARIZONA

| | |
|---|---|
| **GILA RIVER INDIAN COMMUNITY,** | **Case No.: CR-2003-00549** |
| Plaintiff, | |
| vs. | **NOTICE OF APPEARANCE** |
| **FORTINO ALVAREZ,** | |
| Defendant | |

Notice is hereby given that the Defense Services Office, through counsel **Jessica Turk**, makes

her appearance to represent the named defendant in the above matter.

By: _____
Jessica Turk
Counsel for the Defendant

Original and copies of the foregoing delivered
this _____4_____ day of November, 2008, to:

GRIC – Community Court

GRIC – Prosecutor

**EXHIBIT B**

Jessica Turk
Arizona State Bar #024916
Gila River Indian Community
Defense Services Office
P.O. Box 97
Sacaton, Arizona 85247
(520) 562-5700
Counsel for the Defendant



## IN THE COMMUNITY COURT OF THE GILA RIVER INDIAN COMMUNITY
### IN THE COUNTIES OF PINAL AND MARICOPA
### IN THE STATE OF ARIZONA

| | |
|---|---|
| **GILA RIVER INDIAN COMMUNITY,** | **Case No.: CR-2003-00552** |
| Plaintiff, | |
| vs. | **NOTICE OF APPEARANCE** |
| **FORTINO ALVAREZ,** | |
| Defendant | |

Notice is hereby given that the Defense Services Office, through counsel **Jessica Turk**, makes

her appearance to represent the named defendant in the above matter.

By: _____
        Jessica Turk
        Counsel for the Defendant

Original and copies of the foregoing delivered
this ____4____ day of November, 2008, to:

GRIC – Community Court

GRIC – Prosecutor

**EXHIBIT C**

Jessica Turk
Arizona State Bar #024916
Gila River Indian Community
Defense Services Office
P.O. Box 97
Sacaton, Arizona 85247
(520) 562-5700
Counsel for the Defendant



## IN THE COMMUNITY COURT OF THE GILA RIVER INDIAN COMMUNITY
## IN THE COUNTIES OF PINAL AND MARICOPA
## IN THE STATE OF ARIZONA

| | |
|---|---|
| **GILA RIVER INDIAN COMMUNITY,** | **Case No.: CR-2003-00909** |
| Plaintiff, | |
| vs. | **NOTICE OF APPEARANCE** |
| **FORTINO ALVAREZ,** | |
| Defendant | |

Notice is hereby given that the Defense Services Office, through counsel **Jessica Turk**, makes

her appearance to represent the named defendant in the above matter.

By: _____
Jessica Turk
Counsel for the Defendant

Original and copies of the foregoing delivered
this ____4____ day of November, 2008, to:

GRIC – Community Court

GRIC – Prosecutor

**EXHIBIT D**

BP

**IN THE COURT OF THE GILA RIVER INDIAN COMMUNITY**

**COUNTIES OF PINAL AND MARICOPA** *July 8, 2008*

**IN THE STATE OF ARIZONA**

| | |
|---|---|
| GILA RIVER INDIAN COMMUNITY, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FORTINO ALVAREZ, )<br><br>Defendant. )<br>_____ ) | Case No.: **CR-2003-000543**<br><br>**ORDER ON MOTION TO COMPEL**<br><br>RECEIVED<br><br>JUL 1 0 2008<br><br>LAW OFFICE |

A Motion to Compel comes before this Court submitted by Defense counsel, Jessica Turk,

**THE COURT FINDS:**

1. The Gila River Indian Community Code (Code) is silent as the applicability of the discovery provision, § 2.1312, to habeas corpus proceedings initiated under the Indian Civil Rights Act (ICRA) (25 U.S.C. 1303).

2. ICRA's habeas corpus is the only relief a defendant may seek after all remedies within this Court are exhausted. As such, efforts to comply with habeas requests should be free from hindrance provided those requests are reasonable and do not place undue hardship on the party asked to comply.

3. The request is reasonable and does not place hardship on the Community as the request is for existing material and does not require significant resources to produce this material.

4. While the relationship between the Community and defense is naturally adversarial, some iota of cooperation should exist between these two entities to facilitate speedy resolution to such requests. Habeas corpus proceedings are rare and efforts to secure the exchange of material are possible without Court intervention.

**EXHIBIT E**

1    5. This Order does not address this Court's ability to review habeas corpus proceedings

2    under ICRA.

3    **IT IS ORDERED** that the Motion to Compel is granted. The Gila River Law Office shall

4    produce material under the above case number within a reasonable time as requested by the

5    Defendant.

6    **IT IS FURTHER ORDERED** that the Defendant may seek enforcement of this Order

7    through this Court.

8    Done on this 8th day of July 2008.

9

10                                                   _____
                                                     Judge of the Gila River Indian Community Court

11

12   _____
     Clerk of the Gila River Indian Community

13

14

15

16

17

18

19

20

21

22

23

24

25