**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fortino Alvarez,<br><br>    Petitioner,<br><br>v.<br><br>Randy Tracey, Acting Chief Administrator for the Gila River Indian Community Department of Rehabilitation and Supervision,<br><br>    Respondent. | No. CV-08-2226-PHX-DGC (DKD)<br><br>**ORDER** |

      Petitioner Fortino Alvarez has filed a petition for writ of habeas corpus pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1303, and 28 U.S.C. § 2241. Dkt. #1. Alvarez has also filed a motion for leave to conduct discovery. Dkt. #17. Respondent Randy Tracey has filed a motion to dismiss. Dkt. #20.

      United States Magistrate Judge David K. Duncan has issued a report and a recommendation ("R&R") that the Court grant Alvarez's motion for leave to conduct discovery and deny Tracey's motion to dismiss. Dkt. #67. Tracey has filed a timely objection to the R&R (Dkt. #68), Alvarez has filed a response to his objection (Dkt. #71), and the Court will undertake a *de novo* review of those portions of the R&R to which Tracey made specific objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court has considered Tracey's objections and finds them unpersuasive. As a result, the Court will accept the R&R. Dkt. #67.

I.  **Background.**

Alvarez, an enrolled member of the Gila River Indian Community ("the Community"), is challenging the convictions and sentences imposed by the Gila River Indian Community Judicial Branch ("the Community Court") in four separate criminal cases. He has raised nine grounds for habeas relief: (1) the sentences imposed violate §1302(7) of the Indian Civil Rights Act ("ICRA") because they impose terms of imprisonment exceeding one year in connection with individual criminal transactions; (2) he was improperly denied his right to counsel in violation of §§ 1301(6) and (8) of ICRA; (3) the conviction in one of the criminal cases (CR 2003-543) was entered in violation of his confrontation rights under § 1302(6) of ICRA because the court admitted out-of-court testimony of a non-witness: (4) the Community failed to provide him with written witness statements prior to trial, which violated his rights under § 1302(8) of ICRA; (5) in one of the criminal cases (CR 2003-543), he was convicted of a violation of the Community's Criminal Code § 2.402(A)(2), but this conviction was entered without proof of the intent element of that offense, a violation of his due process rights under § 1302(8) of ICRA; (6) the convictions were entered in violation of his right to counsel under § 1302(6) of ICRA because he did not make a knowing and voluntary waiver of his right; (7) the convictions were entered in violation of his right to compulsory process under § 1302(6) of ICRA because he did not make a knowing and voluntary waiver of his right; (8) the convictions were entered in violation of his right to a jury trial under § 1302(10) of ICRA because he did not make a knowing and voluntary waiver of his right; and (9) the conviction in one of the criminal cases (CR 2003-543) violated his right to be informed of the charges against him and his right to due process under §§ 1302(6) and (8) because he never received a copy of the complaint. Dkt. #1 at 6-11.

II. **Analysis.**

On April 6, 2009, Alvarez filed a motion for leave to conduct discovery. Dkt. #17. On May 5, 2009, Tracey filed a motion to dismiss based on Alvarez's alleged failure to exhaust his tribal court remedies. Dkt. #20. Magistrate Judge Duncan found that Alvarez exhausted his available tribal court remedies as required under applicable law, and also found

that because the habeas petition should not be dismissed, the Court should allow Alvarez leave to conduct discovery. Tracey has filed an objection to Judge Duncan's findings and makes two specific objections: (1) Alvarez has not exhausted his tribal court remedies of commutation and habeas corpus, and (2) dismissal is warranted because some of the grounds alleged in Alvarez's habeas petition are based on tribal law. The Court will consider each argument.

### A. Tribal Court Remedies.

The federal government has a long-standing policy of encouraging tribal self-government, which "reflects the fact that Indian tribes retain attributes of sovereignty over both their members and their territory." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14 (1987) (internal quotations and citations omitted). Many federal statutes, including ICRA, which allows for a person to test the legality of detention ordered by an Indian tribe through a habeas corpus petition, are designed to promote tribal government and to embody this long-standing policy. *Id.* at n.5 (citing 25 U.S.C. §§ 1301-1341). The policy "supporting tribal self-government directs a federal court to stay its hand" until tribal court remedies have been exhausted so that the tribal court has "a 'full opportunity' to consider the issues before them and 'to rectify any errors.'" *LaPlante*, 480 U.S. at 16 (quoting *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985)). Exhaustion of tribal court remedies is not always required, *see Crow Tribe*, 471 U.S. at 857 n.21, but instead is a flexible requirement that encourages the court to "weigh[] the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to immediately adjudicate alleged deprivations of individual rights." *U.S. ex. rel. Cobell v. Cobell*, 503 F.2d 790, 793 (9th Cir. 1974) (internal quotations and citations omitted).

Tracey contends that Judge Duncan's conclusion that Alvarez exhausted his tribal court remedies is not supported by the record. Dkt. #68 at 2. He argues that Alvarez failed to exhaust because he did not bring the nine grounds he currently asserts in his habeas petition before the Community Court in a commutation proceeding and did not file a habeas petition in the Community Court.

### 1. Commutation Proceeding.

Judge Duncan recognized that Alvarez did not bring his current arguments before the Community Court in a commutation proceeding, but found that Alvarez had still exhausted because bringing a commutation proceeding would have been futile. Dkt. #67 at 4. Tracey argues in his objection that Alvarez is obligated to bring every ground he asserts in his current habeas petition before the Community Court in a commutation proceeding in order to exhaust his remedies. In support, Tracey points the Court to documents in the record regarding two past cases in the Community Court which, he contends, show that the Community Court will hear post-conviction arguments like those asserted by Alvarez in a commutation proceeding.

Even if the Community Court could hear post-conviction arguments like those asserted by Alvarez, however, the Court is persuaded that the Community Court would not hear Alvarez's arguments. Alvarez already moved the Community Court for commutation of his sentences. The motion was summarily denied on the ground that Alvarez is ineligible for commutation because he has disciplinary infractions in prison. Dkt. #31-1. Any motion for commutation on the nine habeas grounds surely would be denied for the same reason.

As discussed above, the exhaustion requirement is not inflexible, and the Court need not require exhaustion if "the need to immediately adjudicate alleged deprivations" of Alvarez's rights outweighs the need to "strengthen[] the authority of the tribal courts." *Cobell*, 503 F.2d at 793 (internal quotations and citations omitted). Requiring exhaustion in this case would only result in delay given that the Community Court already has found Alvarez ineligible for commutation. *See Boozer v. Wilder*, 381 F.3d 931, 936 (9th Cir. 2001) (finding that exhaustion of tribal remedies is not required where it would be futile).

### 2. Habeas Petition.

Judge Duncan determined that Tracey has failed to show that filing a habeas petition in the Community Court is an available remedy for purposes of the exhaustion requirements. In response, Tracey argues that the Community has not "ruled on the issue of whether a writ of habeas corpus is an available remedy, but has not foreclosed the remedy," and Alvarez

therefore should be required to exhaust his tribal remedies by filing a habeas petition. Dkt. #68 at 3. Tracey cites no legal authority in support of this argument. Judge Duncan cites an opinion issued by the Community Court of Appeals which states that "the ordinances of the Gila River Indian Community do not provide for a defendant to file a writ of habeas corpus in the tribal court." Dkt. #42-1 at 47. Given that Tracey has failed to show that the Community Court would consider Alvarez's habeas petition, the Court cannot find that Alvarez failed to exhaust on this ground.

Moreover, even if there is a possibility that a habeas corpus remedy exists in the Community Court, this Court finds that the balancing required in applying the tribal exhaustion doctrine weighs in favor of permitting the present habeas corpus action to proceed. *See Cobell*, 503 F.2d at 793. As Judge Duncan stated, "[t]he mere assertion that the filing of a habeas petition is available to Alvarez without some evidence that it in fact is a provided-for remedy or would be considered, coupled with the significant violations of the ICRA alleged in his petition, and the fact that he has already served six years of a nine-year sentence, weighs in favor of allowing Alvarez to pursue his federal petition without further delay and the likely futility resulting from first having to file a pleading and have it adjudicated in Community Court." Dkt. #67 at 6-7.

**B.     Claims Based on Tribal Law.**

Tracey also argues that the R&R "does not take into account the Community's sovereignty interests in deciding issues involving its members and its law." Dkt. #68 at 5. He bases this argument on grounds three, four, and five of Alvarez's petition which, Tracey argues, raise tribal law claims.

Tracey did not make this argument before Judge Duncan. *See* Dkt. ##20, 56. "The Ninth Circuit has held 'categorically that an unsuccessful party is not entitled as of right to *de novo* review by the [district] judge of an argument never seasonably raised before the magistrate.'" *Stravers v. Schriro*, CV-07-0466-PHX-DGC, 2008 WL 3285915, *3 (D. Ariz. Aug. 7, 2008) (quoting *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)). Instead, it is a matter of discretion for the district judge, and in this case the Court will not "entertain the

new objections because [Tracey] had a previous opportunity to raise them and failed to do so." *Id.* If Tracey wished to argue that dismissal was warranted because Alvarez's claims raise tribal law issues, he should have made that argument before Judge Duncan.

**IT IS ORDERED** that the R&R (Dkt. #67) is **accepted**.

DATED this 15th day of March, 2010.

_____
David G. Campbell
United States District Judge