IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fortino Alvarez,<br><br>    Petitioner,<br><br>vs.<br><br>Randy Tracey, Acting Chief Administrator for the Gila River Indian Community Department of Rehabilitation and Supervision,<br><br>    Respondent. | No. CIV 08-2226-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION**<br><br>(Under Seal) |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

Fortino Alvarez filed a Petition for Writ of Habeas Corpus pursuant to the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1303, and 28 U.S.C. § 2241. Alvarez is challenging the convictions and sentences imposed by the Gila River Indian Community Court (Community Court) in four separate criminal cases, involving incidents that occurred during 2003. He raises nine grounds for habeas relief. He filed a Motion for Partial Summary Judgment, requesting partial summary judgment on Claim One of his Petition (Doc. 74). In addition, Alvarez filed a Motion to Expedite Review of the Motion for Partial Summary Judgment (Doc. 76). The Court recommends that Alvarez' Motion for Partial Summary Judgment be denied. His Motion to Expedite Review is denied.

The facts and procedural history are summarized in the Court's initial Report and Recommendation. *See* Doc. 67 at 2-3. At issue in this motion is only CR 2003-543, where Alvarez was convicted of two counts of assault, two counts of domestic violence, and one

1  count of mischief involving weapons, relating to an incident that occurred at his girlfriend's
2  home on April 12, 2003, when he assaulted his girlfriend and her brother, both of whom were
3  minors. Alvarez seeks relief only on his first claim for habeas relief by the resolution of a
4  purely legal question: whether the 1,825 days of detention imposed for convictions related
5  to these five charges imposed by the Community Court violates the limit on tribal sentencing
6  imposed by the ICRA because it exceeds one year of incarceration "for conviction of any one
7  offense" within the meaning of the ICRA.[1] For the reasons stated below, the Court concludes
8  that section 1302(7) permits such sentences.

9  Section 1302(7) of the ICRA provides that no Indian tribe exercising powers of self-
10 government shall "impose for conviction of any one offense any penalty or punishment
11 greater than imprisonment for a term of one year and a fine of $5,000, or both." In his
12 Motion for Partial Summary Judgment, Alvarez argues that this section bars the imposition
13 of multi-year sentences for a single criminal transaction. In doing so, Alvarez relies on
14 *Spears v. Red Lake Band of Chippewa Indians*, 363 F.Supp.2d 1176 (D.Minn. 2005). The
15 Community argues that the reasoning of the Court in *Spears* is contrary to the plain language
16 of the ICRA and the basic principles of statutory construction. The Court agrees.

17 The first step in discerning the intent of Congress in enacting the IRCA is to examine
18 the plain language of the statute. *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999).
19 None of the terms in the statutory language are defined, and therefore, should be "interpreted
20 as taking their contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42
21 (1979). The Court agrees with the Community that the phrase "conviction for any one
22 offense" is not ambiguous. A conviction is "the act or process of judicially finding someone

---

[1] Alvarez attempts to "aggregate" the total amount of sentences for the four criminal causes into one sentencing time period. However, because he completed his sentences in CR 2003-542 and CR 2003-552 prior to filing this petition, he cannot seek relief *in Claim One* for those sentences. In addition, he cannot seek relief for the 365-day sentence imposed in CR 2003-909, which will commence upon his completion of his sentence in CR 2003-543, because it does not exceed one year.

- 2 -

guilty of a crime; the state of being proven guilty." *Black's Law Dictionary* 335 (7th ed.). An offense is "a violation of the law; a crime." *Id*. at 1108. Applying these definitions to the statute, the Court concludes that section 1302(7) of the ICRA permits a maximum penalty of one year imprisonment for each violation of the law or each crime for which a person is found guilty.[2]

The Court in *Spears* found the phrase "any one offense" ambiguous, reasoning that it could mean one of two things: any discrete violation of the Tribal Code or any prosecution arising from a single criminal transaction or episode. *Spears*, 363 F.Supp.2d at 1178-79. The plain language of the statute dictates otherwise: it logically refers to a discrete violation of the Tribal Code. Therefore, the sentences imposed by the Community Court did not violate the limitations imposed by the ICRA.

**IT IS THEREFORE RECOMMENDED** that Alvarez's Motion for Partial Summary Judgment be **denied** (Doc. 74).

**IT IS ORDERED** that Alvarez's Motion to Expedite Review is **denied** (Doc. 76).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

---

[2]In analyzing this statutory language, another district judge concluded that because the United State Supreme Court had taken a consistent position that an "offense" referred to any discrete criminal violation, the meaning of the term was well-established prior to the enactment of the ICRA, and thus, the phrase "any one offense" is not ambiguous. *See Bustamante v. Valenzuela*, CIV 09-8192-PCT-ROS, Doc. 47.

1  and Recommendation by the district court without further review.  *See United States v.*
2  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
3  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
4  to appellate review of the findings of fact in an order or judgment entered pursuant to the
5  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

6  DATED this 13th day of December, 2010.

_____
David K. Duncan
United States Magistrate Judge

11  cc:    DGC
         AFPD
12       Resp. Cnsl.

- 4 -