**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fortino Alvarez, | No. CV-08-2226-PHX-DGC (DKD) |
| Petitioner, | |
| v. | **ORDER** |
| Randy Tracey, Acting Chief Administrator for the Gila River Indian Community Department of Rehabilitation and Supervision, | |
| Respondent. | |

Petitioner Fortino Alvarez seeks a writ of habeas corpus pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1303, and 28 U.S.C. § 2241. Doc. 1. Petitioner filed a motion for partial summary judgment on Claim One of his Petition (Doc. 74), which Defendant opposes (Doc. 84). Magistrate Judge David K. Duncan filed a Report and Recommendation ("R&R") that the motion be denied. Doc. 89. Petitioner objected to the R&R (Doc. 90) and Defendant filed a reply (Doc. 93). The parties have not requested oral argument. For the reasons that follow, the Court will accept the R&R and deny the motion.

**A.    Background.**[1]

Petitioner was convicted and sentenced by the Gila River Indian Community Court in four separate criminal cases. Doc. 89 at 1. The motion for partial summary judgment

---

[1] Because Petitioner does not object to the R&R's findings of fact, the Court will adopt them. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1   relates to Petitioner's sentences in case CR 2003-543, where he "was convicted of two counts
2   of assault, two counts of domestic violence, and one count of mischief involving weapons."[2]
3   *Id.* at 1-2.  The criminal charges in the case arose from Petitioner's actions on April 12, 2003,
4   when he "assaulted his girlfriend[,E.C.,] and her brother,[ J.C.,] both of whom were minors."
5   *Id.* at 2.  Petitioner asserts that his striking of E.C. twice on the head with a flashlight was
6   charged as separate counts of Assault and Domestic Violence, that his "pulling a knife" on
7   E.C. was charged as separate counts of Domestic Violence and Misconduct Involving
8   Weapons, and that his striking of J.C. with a flashlight after J.C. began chasing Petitioner
9   outside was charged as a separate count of Assault.  Doc. 74 at 7.  Petitioner was convicted
10  of each of the five charges and sentenced to five years' detention.  Doc. 1 at 5:18-23.

11  Petitioner argues that the sentences violate 25 U.S.C. § 1302(7) by imposing a
12  sentence of greater than one year for the entire criminal transaction.  Doc. 74 at 8-9.  The
13  Indian Civil Rights Act ("ICRA") provides in part that an "Indian tribe in exercising powers
14  of self-government shall . . . in no event impose for conviction of any one offense any
15  penalty or punishment greater than imprisonment for a term of one year . . . ."  25 U.S.C.
16  § 1302(7) (2009).[3]  Petitioner argues that the word "offense" is ambiguous, relying on *Spears*
17  *v. Red Lake Band of Chippewa Indians*, 363 F. Supp. 2d 1176 (D. Minn. 2005).  The R&R
18  disagreed, and found that the plain language of the statute as interpreted by applying the
19  common meaning found in *Black's Law Dictionary* permits one year imprisonment "for each
20  violation of the law or each crime for which a person is found guilty."  Doc. 89 at 3.
21  Petitioner objects that (1) a dictionary definition is not sufficient to determine or resolve
22  ambiguity; (2) the edition of the dictionary used should match the edition at the time of the

---

[2] Petitioner's motion for partial summary judgment also mentions case CR 2003-552. Doc. 74 at 9-11. The R&R suggests in a footnote that Petitioner may not "'aggregate' the total amount of sentences for the four criminal causes into one sentencing time period." Doc. 89 at 2 n.1. Petitioner objects to this legal conclusion. Doc. 90 at 2 n.1. In light of this order's holding, the Court need not reach this issue.

[3] This provision is identical to the 2003 version of the statute. The statute was changed effective 2010.

statute's enactment; (3) federal case law at the time of ICRA's enactment shows that the term "offense" was ambiguous; and (4) resolving the ambiguity such that "stacking" of offenses is permitted would contravene Congressional intent in passing ICRA.  Doc. 90.

**B.     Discussion.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See* § 636(b)(1)(c); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).  "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341 (citations omitted).  Similar phrases appearing in neighboring subsections should be construed similarly in cases applying both subsections. *See Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 807 (9th Cir. 2003); *Erlenbaugh v. United States*, 409 U.S. 239, 244 (1972).  Moreover, "[t]he title of [a statute] cannot control its words, but may furnish some aid in showing what was in the mind of the legislature."  *Holy Trinity Church v. United States*, 143 U.S. 457, 462 (1892).

The ICRA provision at issue here, § 1302(7), prohibits imprisonment of greater than one year "for conviction of any one offense."  Section 1302 is entitled "Constitutional rights," and it is codified at Chapter 15 of Title 25, a chapter entitled "Constitutional Rights of Indians."  The section contains several subsections with phrases similar in part to Amendments 1, 4, 5, 6, 8, and 14 of the United States Constitution. *See* § 1302.  The one other subsection that uses the term "offense," § 1302(3), prohibits "subject[ing] any person for the same offense to be twice put in jeopardy."

In *United States v. Wheeler*, the Supreme Court reiterated that "an Indian tribe's

- 3 -

1 power to punish tribal offenders is part of its own retained sovereignty," and is not a power
2 delegated by Congress. 435 U.S. 313, 326-27, 330 (1978); *accord United States v. Lara*, 541
3 U.S. 193, 199 (2004). The Court also noted that the ICRA "made most of the provisions of
4 the Bill of Rights applicable to the Indian tribes and limited the punishment tribal courts
5 could impose to imprisonment for six months . . . ." *Wheeler*, 435 U.S. at 327. The statute
6 was subsequently amended to extend imprisonment to one year. § 1302(7).

7 It is clear that Congress, in passing § 1302, intended to extend certain protections of
8 the federal constitution to Indian tribes. One of these protections was the double-jeopardy
9 provision, which precludes successive prosecutions for the same offense. § 1302(3).
10 Although this clause is not directly at issue in this case, it is instructive on the meaning of the
11 term "offense." Thirty six years before passage of the ICRA, the Supreme Court decided
12 *Blockburger v. United States*, 284 U.S. 299 (1932). *Blockburger* held, for purposes of a
13 federal statute, that "where the same act or transaction constitutes a violation of two distinct
14 statutory provisions, the test to be applied to determine whether there are two offenses or
15 only one, is whether each provision requires proof of a fact which the other does not." 284
16 U.S. at 304. *Blockburger*, in turn, cited to *Gavieres v. United States*, 220 U.S. 338, 342
17 (1911). In *Gavieres*, the Court reviewed a Congressional statute that extended constitutional
18 double-jeopardy protections to the Philippine Islands with the following provision: "No
19 person, for the same offense, shall be twice put in jeopardy of punishment." *Id.* at 341. The
20 Court observed that in a prior case the statute was deemed to have carried to the Philippine
21 Islands protection against double jeopardy "in the sense and in the meaning which it had
22 obtained under the Constitution and laws of the United States." *Id.* Then, in reviewing a
23 local conviction for two offenses arising from the same transaction, the Court held that
24 "while the transaction charged is the same in each case, the offenses are different." *Id.* at
25 342. The Court went on to say that "[w]hile it is true that the conduct of the accused was one
26 and the same, two offenses resulted, each of which had an element not embraced in the
27 other." *Id.* at 345.

28 Thus, by the time the ICRA was enacted, the term "offense" as used in the double

jeopardy provision of the statute had an established meaning – it meant a crime with its separate elements of proof, not the underlying criminal event. This clearly appears to have been the meaning in § 1302(3), and the Court sees no reason to conclude that Congress meant something different when it used "offense" in § 1302(7). As noted above, similar phrases appearing in neighboring subsections should be construed similarly. *Bramwell*, 348 F.3d at 807; *Erlenbaugh*, 409 U.S. at 244.

This conclusion is supported by other considerations. First, the Court agrees with Judge Duncan's conclusion that in common usage, the term "offense" means a crime, not an event. This usage is illustrated by the Supreme Court's discussion in *Blockburger*: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two *offenses* or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304 (emphasis added). Second, § 1302(7) prohibits imprisonment of greater than one year "for conviction of *any one* offense" (emphasis added), suggesting that Congress was concerned with punishments for individual and specific offenses, not for a related series of events.

The Court concludes that, for purposes of § 1302(7), two charges are different offenses if each "requires proof of a fact which the other does not," regardless of whether they arise from the same transaction. *See Blockburger*, 284 U.S. at 304. Applying this definition to Petitioner's case, § 1302(7) has not been violated by his convictions and punishment. Petitioner's own description suggests that each offense required proof of a fact that the others did not. The Court will accept the R&R and deny Petitioner's motion for partial summary judgment.

**IT IS ORDERED** that the R&R (Doc. 89) is **accepted**. Petitioner's motion for partial summary judgment (Doc. 74) is **denied**.

DATED this 31st day of March, 2011.

David G. Campbell
United States District Judge